UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81018-Civ-Middlebrooks/Brannon

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

        Plaintiff,

v.

SOUTHERN-OWNERS
INSURANCE COMPANY,

        Defendant.

_____/

## DEFENDANT, SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION TO QUASH NOTICE OF RULE 30(b)(6) DEPOSITION DEPOSITION / MOTION FOR PROTECTIVE ORDER AS TO NOTICE OF RULE 30(b)(6) DEPOSITION and REQUEST FOR EXPEDITED TREATMENT OF MOTION

COMES NOW, the Defendant, Southern-Owners Insurance Company, by and through undersigned counsel, and pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, and hereby files this Expedited Motion to quash Notice of Deposition / Motion for Protective Order as to Liberty Mutual's Notice of Deposition Duces Tecum of Southern-Owners Insurance Company, and in support thereof states as follows:

### BACKGROUND

1. On August 1, 2018, Liberty Mutual filed its Complaint in this case. [DE 1].

2. The Complaint contains two counts which purport to seek:

    i. Equitable contribution; and

    ii. Equitable subrogation.

3. The Complaint alleges that Liberty Mutual has been providing a defense to its insured, P&A Roofing, in regards to an underlying case *currently pending* in circuit court in Palm Beach County, Florida, styled, *CityPlace South Tower Condominium Association, Inc. v. CityPlace South Tower, LLC, et. al.*, Case # 2016-CA-009609. ("Underlying Action").

4. The Complaint alleges that P&A Roofing is an Additional Insured under a Southern-Owners' policy issued to S&S Roofing, and that Southern-Owners has a duty to defend P&A Roofing in the Underlying Action.

5. The Complaint alleges that Southern-Owners has breached its duty to defend P&A Roofing, therefore, Southern-Owners owes Liberty Mutual either 1) equitable contribution or 2) equitable subrogation, for the fees/costs Liberty Mutual has spent / is still spending in the defense of P&A Roofing in the Underlying Action.

6. Additionally, the Complaint alleges that, although Southern-Owners is currently providing a defense to P&A Roofing, through the Johnson Law Group, that defense is inadequate. However, it does not make any allegations as to how the defense is inadequate.

7. As stated in the Complaint, the Underlying Action that forms the basis for this action is still ongoing.

8. The Underlying Action is in its early stages— substantial discovery has not begun and the case has not been set for trial.

9. To date, Southern-Owners continues to provide a defense to P&A Roofing in the Underlying action, via, the Johnson Law Group.

10. Southern-Owners previously filed a Motion to Dismiss Plaintiff's Complaint as premature. [DE 11]. Southern-Owners Motion to Dismiss is still pending with this Court.[1]

## PRE-TRIAL SCHEDULING ORDER

11. On August 13, 2018, (5 months ago) this Court issued its Pre-trial scheduling Order in this case. [DE 9]. Pursuant to this Court's Pre-trial scheduling order, all discovery **shall be completed by January 14, 2019**. [DE 9, p. 6 of 10].

12. On Monday, December 31, 2019, (New Years Eve), at 3:18 P.M., Liberty Mutual served counsel for Southern-Owners' E-Service mailbox with a Notice of taking Deposition Duces Tecum setting the deposition of "Southern-Owners Insurance Company," for Friday January 11, 2019.

13. Thus, the deposition was set out only **eleven (11)** calendar days from the date the Notice was sent, and only **fourteen (14)** calendar days before the discovery cutoff date. [Exhibit 1, Notice of Taking Deposition Duces Tecum].

14. Counsel for Southern-Owners office was closed on New Years Eve. Therefore, it did not receive the Notice (sent to its E-Service inbox at the end of the day on New Years Even) until it returned on Wednesday, January 2, 2019, which was **nine (9)** calendar days before the deposition was scheduled to take place, and **eleven (11)** calendar days before the discovery cutoff date.

---

[1] A Notice of Ninety Days Expiring was filed on December 18, 2018, in regards to the Motion to Dismiss.

15. This was the first time in the five (5) months since Plaintiff filed this lawsuit and this Court issued its Pre-trial Scheduling Order that Plaintiff ever attempted to schedule the deposition of the Southern-Owners' Corporate Representative.

16. Providing, what is the equivalent of nine (9) calendar days' notice, is insufficient time for Southern-Owners to designate and prepare its Corporate Representative to testify regarding at deposition to thirteen (13) areas of inquiry.

17. Additionally, the Notice of Deposition lists the location for the deposition as Plaintiff's counsel's office in West Palm Beach, Florida. It is inappropriate for Plaintiff's counsel to notice the deposition of the Corporate Representative of Southern-Owners, a Defendant in this matter, at its own office. The deposition should be scheduled at the Corporate Representatives office, or the office of their counsel.

18. Southern-Owners moves this Court quash the Notice of Deposition and/ or enter a protective order as to the Notice of Deposition because counsel for Plaintiff has provided insufficient notice (essentially nine calendar days) for Southern-Owners to designate and prepare its corporate representative for deposition.

19. Additionally, Southern-Owners asserts that all thirteen "subjects" or areas of inquiry listed in the deposition notice list subjects which are entirely irrelevant to any issue in this litigation, or otherwise protected by work-product and /or attorney client privilege.

20. With regard to the scope of discovery Fed. Rul. Civ. Pro. 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter, that is relevant to any party's claim or defense."

21. Pursuant to Federal Rule of Civil Procedure 26(c)(1), a party from whom discovery is sought may move for a protective order, and the court may, for good cause, issue a protective order, to protect a party from annoyance, embarrassment, oppression, or undue burden or expense including forbidding the discovery, and/or forbidding inquiry into certain matters, or limiting the scope of the discovery.

22. Southern-Owners moves this court to quash the Notice of Deposition and/or enter a protective order as to the Notice of Deposition, as all of the "subjects" listed on the deposition notice seek information which is either 1) completely irrelevant to any claim in this litigation, and would not lead to the discovery of admissible evidence and/or 2) protected by attorney-client and/or work product privilege.

23. Thus, the deposition would serve no purpose other than to annoy and harass Southern-Owners and cause it to incur the undue burden and expense of having to appear for deposition.

24. Based upon the above, Southern-Owners moves this Court to either quash the Notice of Deposition and/or enter a protective order, finding that Southern-Owners is not required to appear for deposition pursuant to Plaintiff's December 31, 2018, Notice of Deposition Duces Tecum.

# MEMORANDUM OF LAW

## I. Plaintiff has not provided reasonable notice for taking the deposition of the Corporate Representative of Southern-Owners

S.D. Local Rules 26.1(h) provides that a party noticing a deposition in the State of Florida must provide, at a minimum, seven (7) days' notice in writing to all other parties in the action. The Rule however, does not provide that seven days' notice is per se reasonable notice, as is required under the Federal Rules. *See Fed. R. Civ. P. Rule 30(b)(1)(A* Party who wants to depose a person by oral questions must give *reasonable* written notice to every other party) (emphasis added).

To the contrary, this Court and other federal courts dealing with this issue have often held that more than seven days' notice is insufficient in circumstances similar to this one, involving a corporate representative deposition. *See DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, No. 10-20116-CIV, 2010 WL 11553415, (S.D. Fla. Nov. 1, 2010)(granting motion for protective order holding that notice of corporate representative deposition, unilaterally set, providing nine days' notice, and listing twelve areas of inquiry, was set within an unreasonably short period of time, despite the fact it met the letter of the seven day advance notice required under the southern district local rules); *See also Temple v. Am. Airlines, Inc.*, No. 3-99-CV-2289-AH, 2001 WL 1012683, at *1 (N.D. Tex. Aug. 17, 2001), *aff'd sub nom. Temple v. Am. Airlines*, 37 F. App'x 87 (5th Cir. 2002)(Although Rule 30 does not provide a time frame within which a party must designate a person or persons pursuant to Rule 30(b)(6), twelve days' notice was an unreasonably short time, given the breadth of the notice); *See also In re Sulfuric Acid*

*Antitrust Litigation*, 231 F.R.D. 320, 327-238 (N.D. Ill. 2005) (Plaintiffs' 10 business days' notice was not reasonable notice of deposition where depositions were to occur hours before discovery cutoff and it was probable that schedules of deponents might be unable to accommodate notice).

Here, Plaintiff's Deposition Notice was served at 3:18 P.M. on December 31, 2018, (New Years Eve when Defendant's counsel's office was closed), unilaterally scheduling the deposition for January 11, 2019. The Notice was not received by Defendant's counsel until it returned to the office on Wednesday, January 2, 2019 only nine (9) days before the deposition was scheduled to take place. While Plaintiff's counsel did email counsel for the Defendant on December 28th regarding the deposition, she did not attempt to coordinate a mutually agreeable date and time, nor did she provide any proposed areas of inquiry. Rather she instructed counsel for Defendant to hold January 11, 2019, the Friday before the discovery cutoff, as an open date for the deposition of the Southern-Owners Corporate Representative. In response, counsel for Defendant noted that until areas of inquiry were provided, it could not know who the Corporate Representative would be, or whether he/she would be available on that date. To note, this was the first time in the five months since this case was filed that Plaintiff ever made any mention of taking the deposition of the Southern-Owners Corporate Representative.

At no point after that email did Plaintiff's counsel ever contact counsel for Southern-Owners to provide any areas of inquiry, to confirm the availability of the corporate representative, or to discuss a time and/or location for the deposition. Three days later, at 3:18 P.M. on New Years Eve (while Defendant's counsel's office was

closed), counsel for Plaintiff sent over a Notice of Deposition, unilaterally scheduling the deposition of "Southern-Owners Insurance Company regarding the subjects listed in Exhibit A", for January 11, 2019, at Plaintiff's counsel's office in West Palm Beach, Florida. Exhibit "A" listed thirteen (13) "subjects" i.e. areas of inquiry for deposition.

As previously stated, providing what is essentially nine calendar days' notice to Southern-Owners for it to designate and prepare its corporate representative for deposition on thirteen (13) areas of inquiry is an unreasonably short period of time.

Based upon the above, Southern-Owners asserts that Plaintiff has failed to provide reasonable notice of taking the deposition of the Corporate Representative of Southern-Owners. Therefore, Southern-Owners requests that this Court quash the deposition notice and/or enter a protective order stating that Southern-Owners is not required to appear for the deposition scheduled on January 11, 2019, at Plaintiff's counsel's office in West Palm Beach, Florida.

## II. All of the "subjects" in Plaintiff's Notice of deposition seek information that is either completely irrelevant or protected by privilege

With regard to the scope of discovery Fed. Rul. Civ. Pro. 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter, that is relevant to any party's claim or defense." The first issue the court must look at is whether the discovery sought is relevant and reasonably calculated to lead to the discovery of admissible evidence. *AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 411655, 7 (S.D. Fla. 2010) ("First, the Court addresses the relevancy issue because if the documents Defendants seek lack relevance, the Court need not consider privilege.")

Here, Plaintiff seeks to depose the corporate representative of Southern-Owners in regards to the following areas of inquiry:

>1. Southern-Owners' reasons for providing a defense to S&S Roofing, including whether Southern-Owners contends that Endorsement 55371 (1-07) (the "OCIP" exclusion) bars coverage for this matter.
>
>2. The reservations under which Southern-Owners agreed to defend S&S Roofing.
>
>3. Facts concerning Southern-Owners' initial awareness of insurance policy number RG2-651-286180-015, issued by Liberty Mutual to Moss & Associates, LLC (the "CCIP"), including the date it became aware of the CCIP, and the individuals involved in evaluating the CCIP and the applicability of the OCIP exclusion.
>
>4. Southern-Owners' reasons for hiring The Johnson Law Group to defend P&A Roofing including Southern-Owners' experience with The Johnson Law Group in other construction defect actions.
>
>5. Southern-Owners' other panel counsel options to defend P&A Roofing on the date that Southern-Owners chose The Johnson Law Group to defend P&A Roofing.
>
>6. Payments made in the defense of P&A Roofing.
>
>7. The budget for the defense of P&A Roofing through trial.
>
>8. The terms under which The Johnson Law Group agreed to defend P&A Roofing, including the rate structure agreed to by Southern-Owners.
>
>9. Southern-Owners' reasons for hiring Boyd & Jenerette, P.A. to defend S&S Roofing, including Southern-Owners' experience with Boyd & Jenerette in other construction defect actions.
>
>10. Southern-Owners' other panel counsel options to defend S&S Roofing on the date that Southern-Owners chose Boyd & Jenerette, P.A. to defend S&S Roofing.
>
>11. Payments made in the defense of S&S Roofing.
>
>12. The budget for the defense of S&S Roofing through trial.

       13. The terms under which Boyd & Jenerette agreed to defend P&A Roofing, including the rate structure agreed to by Southern-Owners.

In regards to areas of inquiry one (1) through three (3), Plaintiff seeks information regarding Southern-Owners interpretation / application of the provisions and exclusions of its own insurance policy, as well as its decisions regarding its defense and / or indemnity obligations to S&S Roofing for the underlying claims.

First of all, any information pertaining to Southern-Owners' reasons/decision for provide a defense to **S&S Roofing** is completely irrelevant to the issue of whether Southern-Owners has any defense obligations to **P&A Roofing**.

Additionally, Southern-Owners own interpretation of its policy is completely irrelevant to this court's determinations regarding Southern-Owners defense obligations to P&A Roofing in the Underlying Action. See *Diamond State Ins. Co. v. His House, Inc.*, 2011 WL 146837 (S.D. Fla. 2011) (court recognizing that coverage litigation concerned only the court's interpretation of the policy at issue so topics about insurer's claims handling, policy interpretation, underwriting considerations, and issuance of the policies are not relevant and therefore not discoverable through deposition testimony of the corporate representative); see also *Auto-Owners Ins. Co. v. Donpat Gate Parkway, LLC*, No. 3:17-CV-141-J-34JBT, 2018 WL 3202081, at *1 (M.D. Fla. May 22, 2018) (Granting motion for protective order holding that Association failed to point to any factual issue that would render the deposition of the corporate representative of the

insurer relevant in a case involving a dispute of insurance coverage since the construction of the policy was a question of law for the court to decide).

Furthermore, even if this information was arguably relevant, when coverage is still at issue, information pertaining to Southern-Owners' coverage analysis and determinations is protected by attorney-client and work product privilege. See *Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc.*, 813 So. 2d 250, 251 (Fla. 3rd DCA 2002) (When the issue of insurance coverage is unresolved and at issue in pending court proceedings, a trial court must not order an insurer to produce its claims files and other work product documents. The same reasoning and authority necessarily applies to the testimony of the corporate representative of the insurer at deposition); See also *Merrett v. Liberty Mut. Ins. Co.*, 2012 WL 2505490, 1-2 (M.D. Fla. 2012). (Court upheld objection on grounds that insurer's attorney provided insurer with legal advice regarding the handling of the claim subject to attorney-client privilege).

In the case at hand, a determination of coverage for P&A Roofing under the Southern-Owners policy is still at issue in this litigation. Therefore, information pertaining to Southern-Owners claims handling decisions, as well as decisions regarding its reservation of rights and defense obligations are protected by work-product and attorney-client privilege. Since all of the information sought in "subjects" one (1) through three (3) are 1) irrelevant and 2) privileged, Plaintiff is not entitled to discovery of such

information through the deposition testimony of Southern-Owners Corporate Representative.

In regards to "subjects" numbered four (4) through eight (8) Plaintiff seeks information regarding:

> 4. Southern-Owners reasons for retaining the Johnson Law Group as counsel for P&A Roofing;
>
> 5. Southern-Owners' other panel counsel options to defend P&A Roofing;
>
> 6. Payments made for the defense of P&A Roofing;
>
> 7. The budget for the defense of P&A Roofing through trial; and
>
> 8. The terms/rate structure for defense counsel for P&A Roofing.

Presumably, Plaintiff seeks this information in regards to the allegations in its Complaint that the defense being provided to P&A Roofing in the Underlying Action is inadequate. However, none of the above listed "subjects" seeks information that has any relevance to Plaintiff's claim that the defense being provided to P&A Roofing is somehow inadequate.

Southern-Owners reasons for hiring the Johnson law group, its prior experience with the Johnson Law Group, information on other law firms it hires as panel counsel, and the amount of monies it has paid and/or budgeted for the defense of P&A Roofing has no relevance to whether the Johnson Law Group is currently providing an adequate defense to P&A Roofing in the Underlying Action.

Since this information is irrelevant to any issue in this case, deposing the Corporate Representative of Southern-Owners on these subjects will serve no purpose

other than to annoy and harass Southern-Owners, and cause it the undue burden and expense of having to appear for deposition.

A party is only entitled to discovery of relevant information. Since this information is not relevant, Plaintiff should not be entitled to discovery of said information from the Corporate Representative of Southern-Owners.

Additionally, these "subjects" appear to really be seeking information pertaining to claims handling by Southern-Owners, rather than to the adequacy of the defense being provided by the Johnson Law Group. Information on Southern-Owners claims handling is irrelevant to any issues in this case. See *Diamond State Ins. Co. v. His House, Inc.*, 2011 WL 146837 (S.D. Fla. 2011) (court recognizing that coverage litigation concerned only the court's interpretation of the policy at issue so topics about insurer's claims handling, policy interpretation, underwriting considerations, and issuance of the policies are not relevant and therefore not discoverable through deposition testimony of the corporate representative)

Lastly, in "subjects" numbered nine (9) through thirteen (13) Plaintiff seeks information regarding:

> 9. Southern-Owners' reasons for hiring Boyd & Jenerette, P.A. to defend S&S Roofing, including Southern-Owners' experience with Boyd & Jenerette in other construction defect actions.
>
> 10. Southern-Owners' other panel counsel options to defend S&S Roofing on the date that Southern-Owners chose Boyd & Jenerette, P.A. to defend S&S Roofing.
>
> 11. Payments made in the defense of S&S Roofing.
>
> 12. The budget for the defense of S&S Roofing through trial.

13. The terms under which Boyd & Jenerette agreed to defend P&A Roofing, including the rate structure agreed to by Southern-Owners.

Information pertaining to Southern-Owners retention of counsel from Boyd & Jenerette as counsel for **S&S Roofing**, and payment to said counsel for the defense of *S&S Roofing* has absolutely no relevance to the issue of whether the *Johnson Law Group* is providing an adequate defense to *P&A Roofing* in the Underlying Action.

A party is only entitled to discovery of relevant information. Since this information is not relevant, Plaintiff should not be entitled to discovery of said information from the Corporate Representative of Southern-Owners.

As previously stated, a party from whom discovery is sought may move for a protective order, and the court may, for good cause, issue a protective order, to protect a party from annoyance, embarrassment, oppression, or undue burden or expense including forbidding the discovery, and/or forbidding inquiry into certain matters, or limiting the scope of the discovery. Fed. Rul. Civ. Pro. 26(c)(1).

Southern-Owners moves this Court to either quash the Notice of Deposition and / or to enter a protective order as to Plaintiff's Notice of Taking Deposition Duces Tecum as none of the "subjects" listed in the notice have any relevance to any issue in this litigation and are otherwise protected by privilege. Therefore, Southern-Owners requests that the Court either quash the Notice of Deposition or issue a protective order finding that Southern-Owners does not have to appear for pursuant to Plaintiff's December 31, 2019, Notice of Taking Deposition.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3) Southern-Owners advises the court that it has conferred with counsel for Plaintiff, Frank Morreale and Tanya Cronau, regarding the relief requested in this Motion, and advises as follows:

- Counsel for Plaintiff has advised that they have no objection to the deposition taking place at the office of counsel for Southern-Owners in North Palm Beach, Florida;

- Counsel for Plaintiff disagrees with the remainder of the Motion, as they believes that their Notice of Deposition provided Southern-Owners with a sufficient amount of time to prepare its corporate representative for deposition. Additionally, counsel for Plaintiff disagrees that the areas of inquiry listed are irrelevant to the issues in this litigation, or that an entire "subject" is irrelevant and/or privileged;

- Counsel for Plaintiff offered to re-set the deposition at a later date in order to provide Southern-Owners with more time for preparation. However, counsel for Defendant does not agree to set the deposition at a later date, as this would be outside of the discovery cutoff, and Plaintiff has had plenty of time in the last five (5) months to request this deposition and failed to do so until the last minute without good cause.

## REQUEST FOR EXPEDITED TREATMENT OF MOTION

Southern-Owners requests that the Court expedite its ruling on this Motion, as the Motion is time sensitive in light of the fact that the deposition is currently scheduled to take place this Friday, January 11, 2019. A ruling is needed by Thursday, January 10, 2019, so that Southern-Owners knows whether it must appear for deposition.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above was filed through the CM/ECF filing system which will provide copies to Frank Morreale, Esq. and Tanya Cronau, Esq. (Frank.Morreale@nelsonmullins.com; Tanya.Cronau@nelsonmullins.com) Mailing Address: 50 N. Laura St., Suite 4100, Jacksonville, FL 32202 this 7th day of January, 2019.

s/ Carri S. Leininger, Esq.
Carri S. Leininger, Esq. (eService@wlclaw.com)
Florida Bar No. 0861022
Jessica L. Gregory, Esq.
Florida Bar No. 92019
Attorney for Defendant.
Williams, Leininger & Cosby, P.A.
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408
Telephone No. (561)615-5666
Facsimile No. (561)615-9606